and Andrew Greenlee is here for the appellate bet, Brian Mose is here for the appellees, Wilson and Riley, and Mr. Greenlee, you may begin when you're ready. Good morning, Your Honors, and may it please the Court. Andrew Greenlee here on behalf of Mr. Craig Bent. Your Honors, before a court imposes the ultimate sanction of dismissal of prejudice, it has to first find bad faith or willful contempt, and it also has to find that no lesser sanction would serve the interest of justice. The first finding isn't supported by the record, and the second finding was never made at all. With regard to whether a litigant engages in bad faith conduct or willful contempt, the Court has to look to the subjective intent of the litigant. And here the record reflects that counsel simply was trying to preserve an argument for appeal in this Court. We know that from the inclusion of Wilson in the complaint, the precipitated dismissal, that expressly says that he was included for preservation purposes only. Were you the counsel below? I was the litigant. Okay. With regard to the pleading of additional facts, if you look at the order on the report and recommendation, it says plaintiff is not permitted to replead count to or make any factual allegations or claims. So then in the very next step, it cites Wagner v. Dyman. And the core holding of Wagner v. Dyman, which is in the context of, you know, the pleading and amended complaint, the core holding is that all issues not raised before the District Court are not preserved on appeal. But like, for example, the report and recommendation, that was never appealed, and there were no objections filed to the initial report and recommendation. That's correct. And the reason why counsel simply tried to file an amended complaint in lieu of objections to the report and recommendation. Now, again, you know, my friend on the other side... That's not how that works, though, right? Well, it's not how it works, but like so many of the, so much of the conduct of counsel here, there's a certain kernel of, I don't want to say truth, but there's some rationale behind it. A party is allowed to replead without leave of the Court up to a the order from the District Court was very explicit about not repleting any new factual allegations. I mean, basically, the District Court judge was like, get rid of the shotgun pleading language, and that's it. And that's not what was done, correct? Well, Your Honor, again, if you look to the subjective intent of the party, again, Wilson was included, it expressly says it in the second amended complaint. It says he was included for preservation purposes only. So that, if we're trying to intuit whether there was willful contempt or bad faith conduct, I don't think that that rises to that level. I have the original complaint in front of me. Yes, Your Honor. And with regard to each count, you begin the count with plaintiff incorporates all paragraphs of this complaint as though fully set forth herein this claim for each and every count. And that seems to be what irritated the district judge in this case. We've said several times that where each count incorporates all previous facts, allegations, and counts, that's not a well-pled complaint. That's a shotgun complaint. So, and you didn't follow the court's directions. You continued to do that. Your Honor, if I might, I would direct the court, on this particular point, I would direct the court to the Wieland decision, where the counsel in Wieland did incorporate all preparatory factual allegations. And because there was really just kind of one core set of facts, it was not deemed to be a shotgun complaint. But again, the problem is that that wasn't appealed. And instead, you repled, and the district court judge specifically said, plaintiff may file an amended pleading to correct the shotgun pleading deficiencies noted herein only. Plaintiff is not permitted to replete, count to, or make any additional factual allegations or claims. Failure to timely file an amended pleading in accordance with this order may result in the dismissal of this case without further notice. And instead, what happened is that the complaint got repled with new factual allegations in contravention to Judge Berger's order. If I might, Your Honor, again, we do think that there was some implicit ambiguity in there. There was implicit ambiguity in what, Judge Berger's direction? Yes, Your Honor. She said, for one thing, when you are granted leave to amend a complaint, it's, I mean, it's implicit in that directive that you will change certain things, right? And count one, it says that, Judge Berger said, count one fails to state a claim because there weren't enough factual allegations. So it was implicit that there would be more factual allegations, at least insofar as count one was concerned. And again, we would also direct, again, if we're looking to the subjective intent of the party, it wasn't trying to thumb its nose at the court. He was simply, counsel was simply trying to preserve the issues for appeal. And again, with regard to the shotgun pleading issue, the first case that the court directed the party's attention to was Wieland, where they said, as, you know, that they incorporated by reference all the prefatory factual accounts. Well, this is what we did in Wieland. We allowed the broad incorporation of factual allegations as long as they do not incorporate preceding accounts into subsequent counts. That's what you fail to do in your amended complaints. In the amended complaint, they said, as described above, it wasn't incorporation by reference. And if you actually look at the factual allegations, they set forth a well-played claim. I don't think there's any confusion. My friend on the other side hasn't cited any confusion  Are you able to draft a third amended complaint that complies with the court's directives? Absolutely, Your Honor. And we did draft a third amended complaint. If you're permitted to replete, can you draft a third amended complaint that doesn't incorporate everything that we've said in the preceding complaints? Absolutely, Your Honor. We'd be happy to do that. We would welcome the opportunity to do that. And that maybe is a useful way to Because, you know, your complaint was dismissed with prejudice, and that's a severe sanction. And so what would be, I mean, we've said the court abuses its discretion if there are less severe sanctions. So what would be a less severe sanction if we find that the court abused its discretion by dismissing your complaint with prejudice? Your Honor, there are a wide range of sanctions. One, attorney's fees. That's the one that most commonly is used to rein in counsel if counsel is acting out of order. Attorney's fees, if they have to pay for it out of their own pocket, that will compel compliance. That was never attempted here. There really is no indication in the record that the court even considered something like imposing attorney's fees, a reprimand. You know, one of the questions that I have is, I mean, how many times does the court have to give you to draft a well-pleaded complaint that's not a shotgun complaint? I mean, how many times? What have you had, two times? Yes, Your Honor. And again, you know, I don't mean to I don't mean to, you know, avoid the question, but we think that the complaint was pretty close to being well-pled under Wieland. I'll be straightforward. I'm encouraged that there's apparently new counsel in this case because I find it inexplicable that an attorney could not follow the court's orders. We hate to dismiss pleadings, you know, for these types of deficiencies, and ordinarily when that happens, it's a pro se litigant. And so I find it pretty shocking in a counsel's case to see these kinds of deficiencies over and over. Your Honor, I don't stand here. I... You're being gracious. I won't make you throw your predecessor under the bus. I don't mean to defend every action that was taken by counsel, and I think that if counsel were out here arguing, they would probably candidly admit that they made some missteps here in the litigation of the case, obviously, in hindsight. Our main submission is that the punishment didn't fit the crime. I mean, they could have asked for a motion for clarification. There was a... There's a lot of avenues. And again, look, I understand you're not... You weren't trial counsel below, and so it's sort of unfair to put you on the spot, but it is perplexing. There were definitely things that my predecessors could have done differently, and I don't mean to suggest otherwise. What I do mean to suggest or outright argue is that there were lesser sanctions that were available to the trial court, and the trial court showed no consideration that it even... I think the issue, though, is that the trial court explicitly, in the order allowing for the last amendment, made it explicit that if you didn't follow the directions of the district court, that it would be dismissed with prejudice without any further notice. I mean, so it wasn't like it was a sanction that came out of nowhere. It was explicitly in an order. Yes, Your Honor, I'm aware of that. I'm also aware of Moon and its progeny where they say that once somebody has been forewarned that it's very difficult to show an abuse of discretion. I don't read Moon to mean that every time a district court has issued a warning that the district court cannot abuse its discretion. And I would also say... But you agree that this is not a case where the dismissal with prejudice came out of the blue. That would perhaps be much more in the corner of abuse of discretion than a case where the district court judge gives notice to the party and the attorney that it's a potential sanction out there if you don't do what you're instructed to do. I understand that point, Your Honor. And I do agree that this didn't come out of the blue. The parties had been forewarned. I would like to make one quick point on Moon and this notion that a court can never abuse its discretion if a party has been forewarned. I would direct the court's attention to docket number 6 and docket number 10 where before there had been any substantive litigation in the case, the court said failure to abide by any rule or order can lead to dismissal. So in that way, the court sort of set itself up to where it can never abuse its discretion if it could throw a case out. And we don't think that that's the rule. Again, there were more warnings along the way, and I don't mean to suggest otherwise. But if I could, Your Honors, I'd like to direct the court to the Mingo case. It's not cited in the papers, but it is important because it talks about what an implicit finding on lesser sanctions would look like. The court there mentioned in its order that it had previously come close to dismissing the case. The court said that it would be unfair to the defendants to allow this unhappy litigation to drag on any longer than it had, and it said that the circumstances cry out for just, speedy, and inexpensive determination. This court reversed. It said those findings are not enough to be an implicit finding that lesser sanctions would do. It said, quote, because the sanction of dismissal is so unsparing, however, we hesitate to infer from this language that the trial court reflected on the wide range of sanctions at its disposal, and none save dismissal would spur this litigation to its just completion. So that is exactly what we would ask the court to find here. I'd like to reserve Your Honor's time. What was the citation for that case, please? What this man did was 864 Federal 2nd 101, and that's a 1989 decision from this court. Thank you. Thank you, Your Honor. All right. Thank you, Mr. Greenlee. Mr. Mose. Good morning. Brian Mose on behalf of the appellee, Detectives Robert Riley and Kevin Wilson. May it please the Court. Your Honor, the district court did not abuse its discretion in dismissing this case with prejudice posing. Counsel would suggest that the record before the court is void of any evidence that the court found guiltful conduct. That is a point that we disagree with. The court very clearly indicated in her order on this case that it was inexcusable for plaintiff counsel to misconstrue or to represent to the district court that he mistakenly construed a very plain and simple order forbidding the filing of any complaint that contained new allegations. The order is clear. When I saw the amended complaint, I immediately recognized that the plaintiff had trespassed upon the court's order, defied the court, and introduced new allegations. And I am suspect as to the contention that the allegations were added, new allegations were added in the complaint, merely to preserve an issue for appeal concerning the court's ruling on qualified immunity. The reason I question that is because new allegations were included in the complaint inside the malicious prosecution claim. In the malicious prosecution claim, for the first time, plaintiff introduced defendant Wright or defendant Wilson as a co-conspirator, as a partner in the creation of the application for the warrant. That was a new allegation never before raised in the complaint. It introduced a new claim. Did he have an opportunity to file an amended complaint without new allegations? He had an abundance of opportunity, Your Honor. This ruling came after a case management conference with the court where this case was set for trial. Discovery was closed. He had an abundance of opportunity to consider the allegations made in the complaint, assess the claims, and amend the complaint. But after the complaint containing new allegations, did he have an opportunity after that to file a complaint deleting the new allegations? The amended complaint was so shockingly in defiance of the district court order that the district court sue Esponte. I understand that. But then he wasn't given another opportunity to delete the new allegations and file a proper complaint. He did seek a motion for reconsideration. And that was denied. And that was denied. That was the second. I just want to clarify this. That was the second amended complaint. That was the one that he tried to file after. That is correct, Your Honor. And then that one, the district court judge also entered an order saying not accepting it because it was contrary to the directive of the court. That is correct. And that order, the judge has tried to file. And so that's when this case was dismissed with prejudice. And so wouldn't a less severe sanction be, and I know he's had a couple of opportunities, wouldn't a less severe sanction be to give him an opportunity to file a complaint without new allegations? The appellee argues no. And the reason for that is this order from the district court was entered sue Esponte. The district court clearly indicated that she was irritated or frustrated with the defiance of the plaintiff to file a conforming complaint with her express order. Now, the reason why that is a significant point from the vantage of the appellee is that sue Esponte, the court, was irritated because where we were in the litigation, how far we were in the process, and the amendment to include additional factual allegations, as I indicated in my e-mail correspondence to the opposing counsel, was going to frustrate the work of the district court, introducing new allegations, introducing new facts after the matter had been, after discovery had closed, after the matter had been briefed, and after the pretrial statement had been prepared, where the parties had met and we had agreed upon a joint pretrial statement made. I'm sympathetic to the district court because I can certainly understand why the court was irritated at this, but I don't think that irritation is the standard that we've set on our cases. And my question goes back even to the complaints before that. It's kind of mystifying to me how if the complaint truly qualified as the original ones, right, truly qualified as shotgun complaints, we've defined that as the unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another and in one way or another to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. If you guys had completed discovery and were ready for trial, I don't really understand how those initial complaints could have been shotgun complaints. Certainly they qualify under the kind of definition of reincorporating all the counts, but did you and your client really have a hard time understanding what the pleading was alleging? We did not have. We took issue with the allegations in the complaint, but we clearly understood that there were district claims being made and the factual basis for those claims, although they were, the factual allegations were aggregated in each of the counts. Well, you apparently understood the claims against your client because you only moved to dismiss one of them. Mr. Brown, we moved to dismiss the fabrication of evidence claim and then we also moved on qualified immunity on behalf of Detective Kevin Wilson. I guess I, obviously the court's instructions for the Second Amendment complaint weren't followed and I think that was a pretty obvious and grievous error. But I have a little bit of a hard time understanding why that was even necessary to refile at that stage of the case. Do you have any insights beyond what we've seen in the record about why the court ordered that? The question isn't clear. So, I mean, I guess there was maybe a technical noncompliance with the fact that it, that the earlier complaints reincorporated all of the factual allegations. But do you know if there was anything beyond that that caused the court to hesitate about those complaints? Well, I could speculate it was because the court was deliberating over the complaint, the allegations in the complaint, given the then pending motions for summary judgment. So, and the— But there was never a motion to clarify or anything, right? That's what you've said. That is correct. Okay. So, I guess my question is the Second Amendment complaint is the one that had the new factual allegations. Did he file a, or did he attempt to file a Third Amendment complaint that complied with the court's direction? After the court dismissed the Second Amendment complaint, there was an attempt. There was a motion to amend and file a Third Amendment complaint. Did he attach the Third Amendment complaint? Eventually he did, Your Honor. Not initially, but I believe it was later attached. Did that Third Amendment complaint, if you recall, did it comply with the directive of the court? So, if this case was remanded back and told to accept the Third Amendment complaint, would that comply with the court's order? I don't believe the Third Amendment complaint actually came under consideration of the court, but from the vantage point of the defendants in the district court, it did appear to comply. And it didn't have, I didn't think it did have new factual allegations. I think it went back, it stripped it to the original format, minus the shotgun pleading language. Generally, that was my understanding, Your Honor. Okay. Thank you. I think at issue here is the basis for the sanction. The premise is that the sanction was too severe when weighed against the prejudice to the defendants in this case. I would submit that that's not the issue. You have a court who is insistent and has demonstrated throughout the case her insistence Right, but the issue becomes normally, and it's obviously a tension between a party and counsel, and obviously clients rely on counsel to act appropriately in front of a court, which is why they hire a professional. And normally when there is a dismissal with prejudice, it's perhaps something that the client has done willfully or wantonly, maybe not turning over documents, doing something, and the client, the attorney has no control. But here the attorney is the one who's in charge of amending the complaint accurately, and the person who really suffers is the client, who had nothing to do with the amending of the pleading. And so it becomes a bit problematic. That is understood, Your Honor. The sanction in this instance The sanction here impacted the client as opposed to a sanction to an attorney and saying you are going to now pay for attorney's fees. I would submit that the sanction served two purposes, Your Honor. One was the court to enforce its very plain and clear order to enforce compliance with its orders, to maintain and manage the administration of the case, to indicate to attorneys that appear before the court that their orders, the integrity of their order is not to be questioned. There should be no gamesmanship. When the order is clear and plain, the attorneys should conform as the district court requires,  I think that is a significant factor here. I think that is what the district court was attempting or did address by issuing the sanction. Delivering a very severe sanction, agreed, the most extreme sanction, but delivering a very significant message to the attorneys that appear before her and also was very consistent with her management of the case as she presided over declaring in each of her rulings that I require strict compliance with my orders. The plaintiff and defendants were both forewarned that failure to comply with the court orders could lead to this sanction. I do not believe the district court abused its discretion in entering a sanction order in this case given the extreme defiance of a very plain court order by counsel of record, which is, as the court indicated, inexcusable in light of the underlying facts. I would also point out that the court did make a factual finding in its order on the notion of reconsideration. The court found the attorney to have engaged in half-truths, deception. The arguments made for the mistake were regarded by the trial court as disingenuous. What was the half-truth? The half-truth was that the attorney mistakenly read the order to allow the inclusion of new factual allegations. The court found that given the five days that the attorney had to consult with the defendant The half-truth is that counsel failed to adequately interpret the court's order? That is correct. Misinterpreted the court's order. That is correct. Initially, the plaintiff counsel argued that he made a mistake in reviewing the order. Then the court went through in the order on the motion for reconsideration and cited the email correspondence, the exchange between myself and plaintiff counsel, and determined that this mistake, this argument that the mistake was made in the interpretation of the order, did not pass the smell test, more or less, and made pinpoint findings, the court did, and made pinpoint findings in its order on the motion for reconsideration that this report just could not find as believable, the representations that an attorney, a competent attorney, could have made the mistake. The court found further that it appeared that the plaintiff counsel, or the court found that the plaintiff attorney, interjected new issues into the complaint after being expressly forewarned against that and forewarned that the doing or the inclusion of new allegations would subject the case to dismissal with prejudice. That was the order on the motion for reconsideration where she made a finding that the arguments that counsel was making were not done with candor. That is correct, Your Honor. Made specific fact findings as to the reasonable, mistaken belief of plaintiff counsel. Made a fact finding that the attorney was being disingenuous with the court and made a factual finding that the plaintiff had presented the court with half-truths. Because that was the basis of the motion, which was that it was a mistake or inadvertence under the rule. And I think, didn't he file an affidavit too? I thought it was part of his motion. No affidavits were filed as part of the motion. It was just alleged in the motion? Email correspondence with my office was attached to our response to the motion for reconsideration. Arguments were made in the briefs as to the circumstance that led to the mistake. Plaintiff counsel never fully articulated his misapprehension of the order or what was confusing about the order with respect to the inclusion of new factual allegations not only inside the malicious prosecution claim, which was never challenged, but also inside of the allegations against Detective Kevin Wilson for which the court dismissed qualified immunity. In closing, Your Honor, I think the court should look at what is implicit within the record as to the court's finding as to the conduct of the plaintiff attorney, recognizing that the conduct of the attorney was regarded by the court, which has every expectation of candor before the court and conformance with its order. The court found, as a matter of fact, that the plaintiff attorney's arguments made and his basis for defying the court order were not sound, made fine as a fact as stated earlier. The prejudice in this case is plain from the defendant's vantage point. The amended complaint continued the prosecution of a failure to intervene claim against Detective Wilson after the district court had granted qualified immunity. The amendment, the complaint filed, continued the allegations, and it included Detective Kevin Wilson in the complaint. I believe that that prejudice is plain. To continue a case after the court has determined that the defendant is immune, it defies the case law that suggests that the defendant should not have to continue to litigate the case. And then equally important, the inclusion of new factual allegations that the plaintiff counsel was trying to interject and to expand upon claims made earlier after the court had. All right. We'll let you go over. Thank you, Mr. Mose. And Mr. Greenlee, you've reserved some time for rebuttal. Thank you very much, Your Honor. Two points on rebuttal. First, I'd like to just amplify something that came up in the argument of my friend. Mr. Bent was not involved in any manner in the errors of his attorneys. And so the question then becomes, what is the prejudice? My friend discusses the prejudice to the defense. As an initial matter, he wasn't prejudiced by the shotgun pleadings. He admitted with great candor that he understood the gravamen of the complaint. He understood that he never moved for clarification of the complaint. And I would submit that he wasn't prejudiced by the amendment to the complaint either. How do I know? Because after the amended complaint, he sent an email that said, I ask that you seek leave to file a third amended complaint that conforms with the court's recent order. I will not oppose the motion. So he stipulated to a remedy short of outright dismissal. And that is actually what happened. So the attorney who was representing Mr. Bent before was admitted pro hoc. They're from Illinois. And then there was local counsel from Orlando who obviously has an obligation to sign off. That's why you have local counsel if you have someone admitted pro hoc. Correct, Your Honor. I mean, someone has to get sanctioned. Well, Your Honor, if the district court found that sanctions were, or if this court finds that sanctions are the proper course, then we would obviously welcome sanctions lesser than the outright dismissal of the case. If I might, there was a motion for leave to amend the complaint filed after its dismissal. An amended complaint was filed. That's docket number 78. An amended complaint was filed with it. That's docket number 78-1. That third amended complaint was removed, all the additional factual allegations, removed Mr. Wilson as a defendant because he had been dismissed with prejudice, correct? That's absolutely correct. Which I don't even understand why you would continue to add him when that's preserved for appeal later on. That was a mistake on the part of counsel. Again, negligence is not enough for dismissal with prejudice. Even recklessness is not enough for dismissal with prejudice. You have to be willful and contumacious. That wasn't the case here. And, again, I'd just like to return to this, whether a lesser sanction would satisfy the ends of justice. He wouldn't oppose a motion to amend the complaint to strip out all the additional factual allegations and take out Wilson. That is exactly what happened here. Granted, it was after the dismissal, but the court could have allowed the case to proceed to trial and be resolved on the merits, which is the preferred way that cases are resolved in our system. Thank you. All right. Thank you, Mr. Greenlee.